This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38107**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JOHNSON MUD,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence convicting him of second-degree murder. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant continues to contend that there was insufficient evidence presented by the State to show that Defendant did not act as a result of sufficient provocation, which would warrant a conviction for the lesser included

offense of voluntary manslaughter. [MIO 3] *See State v. Taylor*, 2000-NMCA-072, ¶ 27, 129 N.M. 376, 8 P.3d 863. It is generally for the jury to decide whether any given act, condition, or circumstance could objectively be said to constitute sufficient provocation. *See State v. Stills*, 1998-NMSC-009, ¶¶ 36-37, 125 N.M. 66, 957 P.2d 51 (holding that the fact-finder must determine whether "an ordinary person of average disposition" in the same situation would have been provoked (internal quotation marks and citation omitted)).

**{3}**     In this case, the jury was instructed that

> "Sufficient provocation" can be any action, conduct or circumstances which arouse anger, rage, fear, sudden resentment, terror or other extreme emotions. The provocation must be such as would affect the ability to reason and to cause a temporary loss of self[-]control in an ordinary person of average disposition. The "provocation" is not sufficient if an ordinary person would have cooled off before acting.

[RP 206]

**{4}**     As stated in our notice of proposed disposition, Defendant presented evidence at trial that he told emergency dispatchers and officers that he killed Victim because she was cheating on him. [MIO 2] However, the State presented testimony from a friend of Victim's that demonstrated they were not romantically involved, as well as testimony from Victim's children that Victim was not cheating on Defendant. [MIO 2] Given this conflict, we conclude that a rational jury could have concluded that Defendant did not act as a result of sufficient provocation, and thus Defendant's conviction is supported by substantial evidence. *See Taylor*, 2000-NMCA-072, ¶ 28 (holding that "[t]he question of whether the circumstances rose to the level of provocation to reduce second[-]degree murder to voluntary manslaughter was for the fact[-]finder to resolve"); *see also State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." (internal quotation marks and citation omitted)); *State v. Akers*, 2010-NMCA-103, ¶ 32, 149 N.M. 53, 243 P.3d 757 ("We do not weigh the evidence or substitute our judgment for that of the fact[-]finder.").

**{5}**     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we summarily affirm Defendant's conviction for second-degree murder.

**{6}     IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**